UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| NAVARIUS SAVELL WESTBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 18-196-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| PAM D. PERLMAN and | ) | **MEMORANDUM OPINION** |
| WILLIAM SWINFORD, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Navarius Westberry is a prisoner currently incarcerated at United States Penitentiary-Hazelton in Bruceton Mills, West Virginia. Proceeding without a lawyer, he has filed a civil rights Complaint seeking monetary damages based on allegations that the attorneys appointed by the Court to represent him in his underlying criminal case denied him his Fifth Amendment due process rights. [Record No. 1] Westberry has paid the filing fee in full. [Record No. 2]

On August 15, 2016, Westberry pleaded guilty to one count of conspiring to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1) and one count of conspiracy to distribute a mixture of substance containing a detectable amount of fentanyl, the use of which result in an overdose death in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 2). Westberry was sentenced on January 9, 2017, to imprisonment for a term of forty years on Count 1 and life imprisonment on Count 2, to be served concurrently, for a total term of life imprisonment. *United States v. Westberry*, 5: 15-CR-114-DCR-REW-1 (E.D. Ky. 2015). Westberry's appeal of his conviction and sentence is currently pending before the

United States Court of Appeals for the Sixth Circuit. *United States v. Westberry*, No. 17-5033 (6th Cir. 2017).

In his present Complaint, Westberry alleges that the court-appointed attorneys in his criminal case (Defendants Pam Perlman and William Swinford) denied him his Fifth Amendment due process rights by denying his requests to hire a medical expert and to provide him medical records relating to a charge of conspiracy to distribute a mixture of substance containing a detectable amount of fentanyl, the use of which result in serious bodily injury.[1] Westberry seeks "10 million dollars, attorney fees, [and] defendants to be held accountable for their unjust and unprofessional actions." [Record No. 1 at p. 12]

Westberry's Complaint will be dismissed. Although Westberry is a prisoner proceeding *pro se*, he is not proceeding *in forma pauperis*, nor is he asserting claims against government officials. Thus, the Court lacks authority to screen his claims under 28 U.S.C. §§ 1915(e)(2) or 1915A. However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Here, Westberry's Fifth Amendment denial of due process claim is, in essence, an effort to recover civil damages for ineffective assistance of counsel. This claim is not cognizable in a civil suit for damages. Although the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), allows a federal prisoner to bring a money-damages

---

[1] This charge was later dismissed by the United States. *United States v. Westberry*, 5: 15-CR-114-DCR-REW-1 (E.D. Ky. 2015).

suit against federal officers who violated his constitutional rights in certain contexts, to bring a *Bivens* claim, Westberry must allege that Perlman and Swinford were federal officers acting under color of federal law. However, Defendants Perlman and Swinford are private individuals, and the Fifth Amendment Due Process Clause "applies to action by the government, not action by private entities." *United States v. Folad*, 877 F.3d 250, 252 (6th Cir. 2017) (citing *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149 (1978)). "[T]here is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant." *Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012)

Neither public defenders nor court-appointed criminal defense counsel qualify as state or federal actors. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L. Ed.2d 509 (1981) (holding that a public defender is not a state actor when performing the traditional functions as defense counsel); *Anderson v. Sonenberg*, 111 F.3d 962 (D.C.Cir.1997) (unpublished table decision) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of [a suit for money damages under] *Bivens*."). Indeed, "an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action." *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir.1984). *See also Krukemyer*, 475 F. App'x at 566 ("It is well-settled that a lawyer representing a private client is not a state actor acting 'under color of law.'") (citations omitted).

In short, a Fifth Amendment civil rights action cannot be maintained against an appointed lawyer, even one employed by the federal government, because he or she does not act under color of federal law. *See Polk County*, 454 U.S. at 317-18; *Haley v. Walker*, 751

F.2d 284, 285 (8th Cir.1984); *Cox*, 685 F.2d at 1099. As Defendants Perlman and Swinford are neither state nor federal actors, they are not amendable to suit in this action. *See Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir.1982) (because public defender does not act under color of federal law in performing functions as a lawyer to an indigent defendant in a federal criminal proceeding, plaintiff's *Bivens* action against public defender suffered from a fatal jurisdictional defect requiring dismissal). Because Westberry's Fifth Amendment claims against Perlman and Swinford are totally implausible, frivolous and devoid of merit, his Complaint will be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).

But even if Perlman and Swinford were considered to be federal actors acting under color of federal law, Westberry's purported civil rights claims directly challenge the validity of his underlying federal conviction and sentence would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must first prove that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87 (footnote omitted). Therefore, Westberry's claims would be barred under *Heck* at this time because his criminal conviction in *United States v. Westberry*, 5:15-CR-114-DCR-REW-1 (E.D. Ky. 2015) has not been invalidated.

Regardless, as the Court finds that Westberry's civil rights claims for damages against Perlman and Swinford brought pursuant to *Bivens* are frivolous, dismissal of Westberry's Complaint with prejudice is appropriate. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Westberry's Complaint [Record No. 1] is **DISMISSED** with prejudice.

2. This action is **DISMISSED** as frivolous and **STRICKEN** from the Court's docket.

This 13th day of April, 2018.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge